CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DON MCKINNEY,<br>Petitioner, | Civil Action No. 7:05-cv-00450 |
| v. | **MEMORANDUM OPINION** |
| JUDGE JOHN KILGORE,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Don McKinney, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner McKinney challenges the validity of his confinement in a mental health facility under an involuntary commitment order. Specifically, McKinney alleges that a 1994 judgment entered by the Circuit Court for Wise County, finding him not guilty by reason of insanity, was unconstitutional. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases,[1] as McKinney offers no evidence whatsoever that he has exhausted state court remedies.

I.

Apparently, in 1994, the Circuit Court for Wise County found McKinney not guilty by reason of insanity (NGRI) for threatening to burn an occupied dwelling belonging to Don E. Earls on October 13, 1993. Since that time, McKinney has remained involuntarily committed to a mental health institution, and clearly, he believes that he should be released. In the current petition, however, he complains about events that occurred during the 1994 criminal proceedings, claiming

---

[1] A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

1

that his plea of NGRI was unlawfully induced, that the state obtained the "conviction" through a violation of the privilege against self-incrimination, that his attorneys provided ineffective assistance, and that proceedings concluded without McKinney ever having had a chance to explain his actions. He asserts that in October 1993, he told Earls, "Somebody ought to burn everything you got." McKinney states that "Somebody" referred to God, meaning that God should burn Earls' house down because Earls (an attorney who was later disbarred) was dishonest with people. McKinney seeks a court appearance before this court so he can further explain his actions and prove to the court that he did not threaten to burn any unoccupied dwelling.

II.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

In Virginia, a habeas corpus petitioner can exhaust his state court remedies in one of two ways. He can file a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. In the alternative, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

When a defendant in Virginia is found not guilty by reason of insanity, he is committed involuntarily to the custody of the Commissioner of Mental Health of Mental Retardation ["the

2

Commissioner"], pursuant to Virginia Code § 19.2-182.2, et. seq. Every year for the first five years and thereafter, every six months, the committed person is to be scheduled for a court review of the continuation of his confinement. § 19.2-182.5.

III.

Apparently, at each of his review hearings, the court has found McKinney unsuitable for release and has renewed his commitment to the custody of the Commissioner. Accordingly, he is no longer confined on the original commitment that stemmed from the court's 1994 finding that he was not guilty by reason of insanity. Instead, he is now confined under the most recent decision that his confinement should be continued. As he seeks his release from involuntary commitment, it is clear that he wishes to challenge the most recent commitment order.

Even assuming that McKinney's complaints about the 1994 proceedings could have some bearing on his suitability for release from involuntary commitment in 2005, he offers absolutely no indication that he has ever presented his current claims to a state court as part of a challenge to the most recent court order of involuntary commitment. His failure to present these claims to the Supreme Court of Virginia as required for exhaustion of state court remedies mandates summary dismissal of his petition without prejudice by this court. An appropriate final order will be entered this day. The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 18th day of July, 2005.

*/s/ James C. Turk*
Senior United States District Judge

3